IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMBER JACKSON,<br><br>   Plaintiff,<br><br>v.<br><br>WESTROCK SERVICES, LLC,<br><br>   Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Amber Jackson ("Plaintiff" or "Ms. Jackson"), by and through undersigned counsel, and files this Complaint for Damages, showing the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant WestRock Services, LLC ("Defendant") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981").

1

## **JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## **ADMINISTRATIVE PROCEDURES**

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the EEOC on April 22, 2020; the EEOC issued its Notice of Right to Sue on February 24, 2021.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant is now and, at all times relevant hereto, has been a limited liability company engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant may be served with process by delivering a copy of the summons and complaint to Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

## FACTUAL ALLEGATIONS

10.

Ms. Jackson (African-American) began working for Defendant on or about January 19, 2016.

11.

During Ms. Jackson's employment with Defendant, she received two promotions, the second in or about April 2019 to Staff Accountant.

12.

In or about June 2019, Lisa Sizemore (white) became Ms. Jackson's new Manager.

13.

Ms. Sizemore displayed preferential treatment towards the white employees and treated the African-American team members less favorably.

14.

For example, Ms. Sizemore reassigned job duties being performed by African-American employees to non-African-American employees.

15.

Ms. Sizemore often communicated directly with the two white women on the team instead of the entire team.

16.

Ms. Sizemore spoke to African-American employees aggressively and/or with a hostile tone.

17.

Ms. Sizemore would snap her fingers in order to get the attention of the African-American employees.

18.

Multiple employees complained to Human Resources about the racial discrimination exhibited by Ms. Sizemore.

19.

In November 2019, two new team members joined the Accounting Department as "Floating Accountants."

20.

The new two employees were or appeared to be white.

21.

In mid-January 2020, Defendant conducted an investigation into the complaints concerning Ms. Sizemore.

22.

Multiple employees were interviewed by HR on or about January 14, 2020.

23.

Ms. Jackson was working remotely that day.

24.

While Ms. Jackson was available to be interviewed by phone or Zoom, Defendant did not contact her about the investigation.

25.

When Ms. Jackson returned to work, she reached out to HR in an attempt to participate in the investigation.

26.

Ms. Jackson's email to HR went unanswered.

27.

On January 24, 2020, a department meeting was held by Ms. Sizemore, Lorinzo Burke, and the Director of HR, Olivia Tillerson.

28.

The Accounting Department was notified of changes being implemented within the department and told that each employee would be notified individually as to how the changes would impact their position.

29.

Later that morning, Ms. Sizemore and Ms. Tillerson notified Ms. Jackson that her position was being eliminated.

30.

Following her termination, she was escorted by Mr. Burke to her desk to retrieve her belongings, and then to the elevator. Mr. Burke also requested Ms. Jackson's access badge.

31.

Ms. Jackson was terminated along with two other African-American employees, Diana Richardson and Tracy Myricks.

32.

Defendant alleged that the positions were eliminated due to a lack of work.

33.

However, the two non-African-American employees brought into the department in November 2019 became permanent.

34.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

35.

Others outside of the Ms. Jackson's protected class, i.e., non-African-American employees, were treated differently.

**CLAIMS FOR RELIEF**

**COUNT ONE:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

36.

Plaintiff re-alleges paragraphs 10-35 as if set forth fully herein.

37.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

38.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

39.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

40.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

41.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

### COUNT TWO:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

42.

Plaintiff re-alleges paragraphs 10-35 as if set forth fully herein.

43.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaluation in violation of Title VII.

44.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was untertaken in bad faith.

45.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

### **COUNT THREE: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

46.

Plaintiff re-alleges paragraphs 10-35 as if set forth fully herein.

47.

Defendant subjected Plaintiff to discrimination and harassment on the basis of her race.

48.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

49.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

50.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

51.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

52.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

53.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 18th day of March, 2021.

**BARRETT & FARAHANY**

/s/ *Amanda A. Farahany*
Amamda A. Farahany
Georgia Bar No. 646135

*Attorneys for Amber Jackson*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amanda@justiceatwork.com